# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SEAN CHRISTOPHER KINNIE, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. SA-20-CV-178-XR |
| FREEDOM MORTGAGE CORP., STANLEY MAYS, and SECURE ONE CAPITAL CORP., | § § § § § | |
| *Defendants*. | § | |

## ORDER ON MOTION TO REMAND

On this date, the Court considered Plaintiff Sean Christopher Kinnie's ("Plaintiff") motion to remand (docket no. 4) and Defendant Freedom Mortgage Corporation's ("Freedom Mortgage") response (docket no. 6). After careful consideration, Plaintiff's motion to remand (docket no. 4) is GRANTED.

### BACKGROUND

This case concerns Plaintiff's property located at 3906 Bacall Way in Converse, Texas. Docket no. 1-1 at 5. That property is subject to a mortgage debt. *Id.* at 5. Defendant Secure One Capital Corp. ("Secure One") is a California loan originator who originated the loan in question. *Id.* at 4–5. Plaintiff alleges that Secure One represented to him that Secure One would "substantially reduce Plaintiff' payment" but that when the loan was subsequently originated, the monthly payment *increased* several hundred dollars due to an increased interest rate—rather than the lowered interest rate he was told would come with the loan. *Id.* at 5.

Plaintiff alleges that he sought the advice of Defendant Stanley Mays ("Mays"), a licensed Texas realtor and Secure One employee, who acted as a "closing facilitator" and pressured Plaintiff to close on the loan. *Id.* Mays, Plaintiff alleges, "stressed that the difference in the interest rate

would wash because of the money [Plaintiff] would save on the transaction" and that Plaintiff ought to sign promptly. *Id.* Plaintiff brings a breach of contract and breach of fiduciary duty claim against both Mays and Secure One. *Id.* at 6. In essence, Plaintiff claims that Mays and his employer tricked Plaintiff into signing a predatory loan that resulted in a foreclosure. Docket no. 4 at 2.

As to Freedom Mortgage Corporation ("Freedom Mortgage"), a New Jersey corporation and holder of the loan (which Plaintiff admits has an unpaid balance), Plaintiff alleges that "he did not receive the Notice to Cure or the Notice of Foreclosure sale" from Freedom Mortgage and contends that "[t]he lack of notice of the foreclosure sale harmed plaintiff because he was unable to obtain a loan modification pursuant to 12 C.F.R. § 1024.41." *Id.* at 5–6. He alleges that if Freedom Mortgage had provided notice, he would have submitted a complete application for a loss mitigation program on a timely basis prior to the initial foreclosure date, March 4, 2020. *Id.* Plaintiff brings a breach of contract claim against Freedom Mortgage and seeks declaratory and injunctive relief against it. *Id.* at 7–11.

Plaintiff filed his Original Petition and Application for Temporary Restraining Order in the District Court for the 288th Judicial District of Bexar County, Texas on February 3, 2020. Docket no. 1-1 at 3. On February 13, Freedom Mortgage timely removed the case to this Court. Docket no. 1. Plaintiff then filed the motion to remand now before the Court. Docket no. 4.

## ANALYSIS

### I.    Legal Standard

A defendant may remove to federal court any civil action brought in state court over which the district court would also have had original jurisdiction. 28 U.S.C. § 1441(a). There are two bases of removal relevant here: diversity jurisdiction under 28 U.S.C. § 1332(a) and federal

2

question jurisdiction under 28 U.S.C. § 1331. Under either basis, the removing party bears the burden of establishing federal jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Madison v. Vintage Petroleum, Inc.*, 114 F.3d 514, 516 (5th Cir. 1997).

    A. *Diversity jurisdiction under § 1332(a)*

The first basis of removal, diversity jurisdiction, involves cases where the matter in controversy exceeds $75,000 and is between "citizens of different States." 28 U.S.C. § 1332(a). The purpose is to "prevent apprehended discrimination in state courts" against out-of-state litigants. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 74 (1938). Courts have interpreted § 1332(a) to require "complete diversity" between all plaintiffs and all defendants. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The judicially created doctrine of improper joinder "constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). If a court finds that a non-diverse defendant has been improperly joined, then the court may disregard the citizenship of that defendant, dismiss the non-diverse defendant from the case, and exercise subject matter jurisdiction over the remaining diverse defendant. *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016).

Improper joinder may be established in two ways: (1) actual fraud in the pleading of jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003). Where there is no allegation of fraud in the pleadings, a court proceeds under the second prong of this test to assess whether the plaintiff has a "reasonable basis of recovery under state law" against the non-diverse defendant. *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Courts in

the Fifth Circuit apply a "12(b)(6)-type analysis" to determine whether a plaintiff has a reasonable basis of recovery. *Id.* If a plaintiff has not stated a claim for relief against a non-diverse defendant, then that defendant was improperly joined, and the court may disregard their citizenship. *Allen v. Walmart Stores, LLC*, 907 F.3d 170, 183 (5th Cir. 2018). Because removal jurisdiction implicates federalism concerns, in evaluating whether a party was improperly joined, a court must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000).

B. *Federal question jurisdiction under § 1331*

A second category of cases over which district courts have original jurisdiction is federal question cases, or cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether a claim "arises under" federal law, courts examine the well-pleaded allegations of the complaint and ignore potential defenses. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). Such a suit arises under federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or [the] Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution…." *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *see also Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Nor is it enough that the plaintiff merely references or alleges violations of federal regulations if those regulations do not create a cause of action or form a necessary element of the plaintiff's claim. *See Paul v. City of San Antonio by & through City Pub. Serv. Bd.*, 712 Fed. App'x. 444, 445 (5th Cir. 2018) (citing *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002)); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808–09 (1988); *Runkle*

4

*v. State of Texas*, No. 15-CV-1141-RP, 2016 WL 756577, at *2 (W.D. Tex. Feb. 26, 2016) (collecting cases and noting that "the Fifth Circuit has regularly found references to federal statutes is not enough alone to establish a federal question").

**II.     Application**

   A. *Diversity jurisdiction under § 1332(a)*

Freedom Mortgage removed, in part, on the basis of allegedly complete diversity and a sufficient amount-in-controversy. Plaintiff, in turn, argues that Defendant Mays is a Texas citizen and destroys complete diversity because Plaintiff is also a Texas citizen. Freedom Mortgage counters that the suit is really between just two parties: Plaintiff (Texas) and Freedom Mortgage (New Jersey). To the extent that Plaintiff attempts to use Defendant Mays to destroy complete diversity, Freedom Mortgage argues Mays is improperly joined. Plaintiff further argues that the amount in controversy is less than $75,000 because he is "seeking to be reimbursed for the expenses that he incurred in the loan origination, roughly $20,000 and attorney's fees." Freedom Mortgage responds that in a case seeking injunctive relief, such as this one, the amount in controversy is measured by the value of the object of the litigation, or the fair market value of the property which, here, is at least $241,290. Plaintiff concedes that his request for injunctive relief makes the dispute "facially" for more than $75,000 and that Plaintiff was "not artful or clear in his pleadings."

It is clear that if Defendant Mays is a proper defendant, there is not complete diversity because Mays and Plaintiff are both Texas citizens. The burden, then, is on the removing party to establish improper joinder. *Manguno*, 276 F.3d at 723. Freedom Mortgage, the removing party, has not done so. It argues that Mays is a "nominal" party because Plaintiff's suit is allegedly devoid

of any allegations against Mays, instead merely identifying Mays. Docket no. 6 at 2. That is not true. Indeed, Mays is a named defendant and one of the claims—breach of fiduciary duty—is asserted against only him and his employer, Secure One. In asserting claims for breach of fiduciary duty and breach of contract, Plaintiff pleads Mays' role in pressuring (or "coaching") him to take on an allegedly predatory loan by stressing to him that the difference in interest rates with the new loan would ultimately save Plaintiff money and that Plaintiff should promptly sign the loan. Indeed, Plaintiff arguably pleads more detailed allegations against Mays than he does against either of the other named defendants, Secure One or Freedom Mortgage. His allegations, in essence, are that Defendant Mays played a role in tricking him into a predatory loan which resulted in a foreclosure, which Plaintiff now seeks to avoid. Given the specific allegations made against Defendant Mays, Freedom Mortgage has not shown there is no "reasonable basis of recovery under state law" against Mays. *Smallwood*, 385 F.3d at 573. Accordingly, Defendant Mays was not improperly joined, and his citizenship destroys complete diversity.[1]

    B.  *Federal question jurisdiction under § 1331*

Freedom Mortgage alternatively argues that the case was properly removed pursuant to federal question jurisdiction. Docket no. 6 at 3 (citing 28 U.S.C. § 1331). Plaintiff argues, in part, that he has "nonsuited" his breach of contract claim, so any possible reference to federal law within that breach of contract claim is irrelevant in determining whether the Court has jurisdiction over

---

[1] Freedom Mortgage is correct that the amount in controversy exceeds $75,000 because when injunctive relief is sought, as Plaintiff seeks here, the amount in controversy is measured by the value of the object of the litigation, or the fair market value of the property at issue, which here is well over $75,000. *Farkas v. GMAC Mortg., LLC*, 737 F.3d 228, 341 (5th Cir. 2013). Nonetheless, if the Court lacks complete diversity, then the amount in controversy is irrelevant in determining whether the Court has subject matter jurisdiction.

the entire case. Docket no. 4 at 3. However, to determine whether removal jurisdiction exists, a court must consider the claims in a plaintiff's state court petition as they exist *at the time of removal*. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Manguno*, 276 F.3d at 723 (citing *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).

At the time of removal, Plaintiff's petition included a breach of contract claim that—Freedom Mortgage argues—references a federal regulation insofar as Plaintiff pleads the breach prohibited him from obtaining a loan modification pursuant to 10 C.F.R. § 1024.41. Plaintiff's petition, however, only obliquely does so. *See* docket no. 1-1 at 7 ("A Breach of Contract occurred on numerous fronts: principally they failed to provide a notice to cure as well as a notice of foreclosure…The principal damage…was that [Plaintiff] is now facing foreclosure.") At most, Plaintiff pleads the C.F.R. as one basis for satisfying the breach element of breach of contract, but "federal jurisdiction does not lie where the federal law serves merely as an element of a state cause of action" like breach of contract. *See Hinojosa v. Perez*, 214 F. Supp. 2d 703, 705 (W.D. Tex. 2002) (citing *Merrell Dow*, 478 U.S. at 806). Breach of contract is plainly a state law claim, and the mere reference to a federal statute does not transform that state law claim into one arising under federal law. *MSOF Corp*, 295 F.3d at 490; *see also Buis v. Wells Fargo Bank, N.A.*, 401 F. Supp. 2d 612, 618 (N.D. Tex. 2005) (remanding foreclosure action even where breach of contract claim relied on breach of HUD regulations because "[n]othing has been presented to the court by the parties that Congress has expressed an intent to have…foreclosure-related actions, which are ordinarily handled by state courts, transferred to or filed in federal court."); *Leggette v. Wash. Mut. Bank, F.A.*, No. 3-CV-2909, 2005 WL 2679699, at *4 (N.D. Tex. Oct. 19, 2005) (remanding breach of contract suit that referenced breach of federal regulations because "[e]xercising federal

[question] jurisdiction over home foreclosure disputes typically governed by private contract and state law portends a significant transfer of judicial responsibilities from state to federal court.").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand (docket no. 4) is GRANTED. The Court lacks subject matter jurisdiction, and, accordingly, the case is REMANDED pursuant to 28 U.S.C. § 1447(c)-(d).

It is so ORDERED.

SIGNED this 17th day of March, 2020.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE